**Charles M. CABRERA, Plaintiff-Appellant,**

v.

**Jessie NEVILLE, Officer, P6900; NaphCare, Inc., Defendants-Appellees,**

**and**

**Neville, Officer; et al., Defendants.**

**No. 16-15829**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 [*]

Filed April 25, 2017

Charles M. Cabrera, Pro Se

Lyssa Anderson, Attorney, Kaempfer Crowell Renshaw Gronauer & Fiorentino, Las Vegas, NV, for Jessie Neville, Las Vegas Metropolitan Police Department

Shirley Blazich, Michael McLoughlin, LeAnn Sanders, Trial Attorney, Alverson, Taylor, Mortensen & Sanders, Las Vegas, NV, for Defendant-Appellee NaphCare, Inc.

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## MEMORANDUM **

Charles M. Cabrera, a Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force and deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment for defendant Neville on Cabrera's excessive force claim because Cabrera failed to raise a genuine dispute of material fact as to whether Neville's actions were objectively unreasonable under the circumstances. *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (elements of excessive force claim under the Eighth Amendment); *see also Kingsley v. Hendrickson*, — U.S. —, 135 S.Ct. 2466, 2473, 192 L.Ed.2d 416 (2015) (elements of excessive force claim under the Fourteenth Amendment).

The district court properly granted summary judgment for defendant NaphCare, Inc. on Cabrera's deliberate indifference claim because Cabrera failed to raise a genuine dispute of material fact as to whether NaphCare, Inc.'s policies or customs caused the alleged inadequate treatment. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (elements of a § 1983 claim against an entity defendant); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (elements of medical deliberate indifference claim).

The district court did not abuse its discretion when it denied Cabrera's motion

for default judgment against NaphCare, Inc. because the factors weigh against entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (standard of review and factors to be considered when district court decides whether to enter default judgment).

Cabrera's motion to extend the prison copy work limit (Docket No. 36) is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

